IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD A. BATES, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-18-0969 |
| MOUNTAIRE FARMS, INC., | * |
| Defendant. | * |

## **MEMORANDUM OPINION**

Defendant Mountaire Farms, Inc. filed a Motion for Fees and Expenses for Failure to Pursue Deposition pursuant to Federal Rule of Civil Procedure 30(g) due to Plaintiff's failure to proceed with the scheduled deposition of Brian Smith on September 25, 2018. ECF No. 20. After considering the motion and response thereto, the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons set forth herein, the Court will GRANT Defendant's Motion (ECF No. 20) and will ORDER Plaintiff to pay $360.00 in attorney's fees incurred by Defendant in connection with his failure to proceed with Mr. Smith's deposition.

### FACTUAL BACKGROUND

Defendant Mountaire Farms, Inc. is a producer in the poultry business and runs a "Growing Program" in which it contracts with third-party growers to raise flocks of broiler chickens. ECF No. 1 at 2, ¶ 6; ECF No. 1-3 at 1; ECF No. 4 at 2, ¶ 6. In February 2016, Plaintiff met with Defendant's employee and Broiler Services Manager, Brian Smith, to discuss joining the Growing Program as a third-party grower and signed Defendant's Broiler Production Agreement. ECF No. 1 at 3, ¶¶ 8–9; ECF No. 4 at 2, ¶¶ 8–9. Thereafter, Plaintiff hosted several flocks of broilers between April 2016 and March 2017. ECF No. 1 at 3–6, ¶¶ 10, 12, 17, 19. During this time, Paul

1

Akers, Defendant's employee, made regular visits to Plaintiff's farm to conduct inspections and monitor the care of the flocks. ECF No. 1 at 4–6, ¶¶ 13–14, 17, 20; ECF No. 1-4; ECF No. 1-5. After each visit, Mr. Akers completed Chick Replacement Reports and Farm Visitation Reports. ECF Nos. 1-4, 1-5.

On or about February 17, 2017, Plaintiff allegedly informed Mr. Akers that he had been diagnosed with cancer and was undergoing chemotherapy treatment. ECF No. 1 at 8, ¶ 25. Shortly thereafter, in March 2017, Mr. Smith informed Plaintiff that Defendant was terminating the Broiler Production Agreement. *See id.* ¶ 26; ECF No. 4 at 6, ¶ 26.

## PROCEDURAL BACKGROUND

On April 5, 2018, Plaintiff filed suit in this Court, alleging that Defendant breached the Boiler Production Agreement by failing to give Plaintiff written notice of the termination or provide Plaintiff with the reason for the termination and by terminating Plaintiff for his disability. ECF No. 1 at 9–11, ¶¶ 29–43. Defendant filed an answer on May 11, 2018. ECF No. 4.[1]

During discovery, Plaintiff sought to depose Mr. Akers and Mr. Smith. *See* ECF No. 20-1. Counsel for the parties agreed that Plaintiff would take the depositions of Mr. Akers and Mr. Smith on September 25, 2018 at 2:00 PM and 4:00 PM, respectively, at Defendant's corporate office in Millsboro, Delaware. ECF Nos. 20-2, 20-3. On September 25, 2018, Defendant's counsel, Renee Bowen, traveled to Millsboro, Delaware for the depositions and met with Mr. Smith to prepare for his deposition. ECF No. 20 at 2, ¶ 5. However, due to a "clerical error," a court reporter was not present for the depositions. *Id.* ¶ 6; ECF No. 21 at 2. After about an hour,

---

[1] On May 31, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 8.

2

Plaintiff's counsel secured a court reporter to take a deposition by telephone, to which Defendant agreed. ECF No. 20 at 2–3, ¶¶ 7–8; ECF No. 21 at 2. The parties proceeded to take Mr. Akers's deposition but, due to the court reporter's availability, the parties were unable to take Mr. Smith's deposition that day. ECF No. 20 at 3, ¶¶ 9–10; ECF No. 21 at 2.

On February 15, 2019, Plaintiff took Mr. Smith's deposition. ECF No. 20 at 3–4, ¶ 13; ECF No. 20-7 at 1. That same day, Defendant filed the Motion for Fees and Expenses for Failure to Pursue Deposition. ECF No. 20. On March 1, 2019, Plaintiff filed an opposition. ECF No. 21. Defendant did not file a reply and the time to do so has since passed.

This matter is now fully briefed, and the Court has reviewed Defendant's Motion for Fees and Expenses, as well as the response thereto. For the following reasons, Defendant's Motion for Fees and Expenses (ECF No. 20) will be GRANTED and the Court will ORDER Plaintiff to pay $360.00 in attorney's fees incurred by Defendant in connection with his failure to proceed with the deposition of Mr. Smith as scheduled on September 25, 2018.

## DISCUSSION

In its Motion, Defendant seeks $3,180.00 in attorney's fees associated with Plaintiff's failure to pursue the deposition of Mr. Smith as well as $320.00 in costs associated with Mr. Smith's preparation for and attendance at the deposition scheduled for September 25, 2018 pursuant to Federal Rule of Civil Procedure 30(g)(1). ECF No. 20 at 5, 7. Failure to proceed with a properly noticed deposition is sanctionable under Rule 30(g)(1), which states in relevant part: "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition." Fed.R.Civ.P. 30(g)(1). However, this Court has previously held that fees and costs incurred in preparation for the deposition or which otherwise

would have been incurred whether or not the deposition went forward are not recoverable. *Gordon v. New Eng. Tractor Trailer Training Sch.*, 168 F.R.D. 178, 180 (D.Md. 1996) (declining to award the defendant fees for counsel's preparation for the original deposition or costs that would have been incurred whether or not plaintiff appeared for his deposition). Neither Defendant nor Plaintiff provided any legal argument or legal support for their respective positions. This Court has great discretion in awarding attorneys' fees and sanctions in discovery disputes. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497 (D.Md. 2000) ("[T]his Court has authority to redress discovery misconduct under the Federal Rules as well as under its inherent powers, and can impose a range of sanctions[, including] award of expenses against both a party and its counsel . . . .").

Rule 30(g) "implicitly requires this Court to make a finding that the attorney's fees and costs which [D]efendant requests are reasonable before ordering [P]laintiff to pay such fees." *Gordon*, 168 F.R.D. at 180. Defendant's counsel, Ms. Bowen, submitted an affidavit in support of the attorney fee award, stating that her hourly rate is $200.00 in this matter. ECF No. 20-4 at 1, ¶ 6. The Court finds that this rate is reasonable. However, it appears from the breakdown of attorney's fees in the "Attorney Fee Statement" which Defendant submitted with its Motion that Defendant is including fees for the initial preparation for the deposition as well as fees that would have been incurred whether Mr. Smith's deposition had gone forward on September 25, 2018 or not. *See* ECF No. 20-5.

Specifically, the "Attorney Fee Statement" reflects fees for Ms. Bowen's preparation for the deposition ($340.00), as well as time spent preparing Mr. Smith for his deposition ($420.00). *Id.* It also reflects fees for Ms. Bowen's travel to and from the deposition location ($1,040.00) and her appearance at the deposition for Mr. Smith ($280.00). *Id.* In light of the guidance in *Gordon*, the Court will subtract these fees. The fees associated with Ms. Bowen's preparation and her

preparation of Mr. Smith are fees that would have been incurred whether or not Plaintiff had pursued the deposition on September 25, 2018 because both Ms. Bowen and Mr. Smith "would have had to prepare at least once for the deposition." *Gordon*, 168 F.R.D. at 180. For these reasons, the Court will also decline to award $320.00 in costs for Mr. Smith's time and preparation. Additionally, the costs of travel will be subtracted as Ms. Bowen traveled to the deposition location for two depositions, those of Mr. Akers and Mr. Smith, and Mr. Akers's deposition proceeded as scheduled. Finally, the Court will subtract the fees for Ms. Bowen's appearance for the deposition for Mr. Smith as it is uncontroverted that that deposition did not go forward.

The "Attorney Fee Statement" also includes fees for correspondence regarding scheduling and preparing for the depositions of Mr. Akers and Mr. Smith ($260.00) as well as correspondence regarding re-scheduling Mr. Smith's deposition and scheduling several other depositions ($260.00). ECF No. 20-5. After review of the pertinent correspondence provided, the Court will subtract these fees as it finds that Defendant would have incurred such costs whether or not Plaintiff had pursued the deposition of Mr. Smith on September 25, 2018. Lastly, the "Attorney Fee Statement" reflects fees associated with drafting and revising the Motion at issue ($360.00 for drafting, $100.00 for revising) and the accompanying affidavit ($120.00). *Id.* The Court finds that awarding $360.00 for the time spent drafting the Motion is appropriate as Defendant would not have incurred this cost had Plaintiff properly obtained a court reporter and proceeded with the deposition of Mr. Smith as scheduled.

## Conclusion

In conclusion, for the reasons stated herein, Defendant's Motion for Fees and Expenses for Failure to Pursue Deposition (ECF No. 20) is GRANTED and Plaintiff is ORDERED to pay

$360.00 in attorney's fees incurred by Defendant in connection with his failure to proceed with Mr. Smith's deposition. A separate order will follow.

Date: 11 April 2019

A. David Copperthite
United States Magistrate Judge